UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICKEDA BARNES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-258JJM |
| | : | |
| RHODE ISLAND PUBLIC TRANSIT | : | |
| AUTHORITY, | : | |
|     Defendant. | | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of *pro se* Plaintiff[1] Mikeda Barnes for appointment of *pro bono* counsel. ECF No. 7. Plaintiff's complaint arises from her employment from November 2002 until February 2016 with the Rhode Island Public Transit Authority ("RIPTA"). ECF No. 1 ¶ 4. She seeks damages and injunctive relief for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. ("ADA"). Her motion for counsel has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); DRI LR Cv 72(a). For the reasons set forth below, the motion is denied.[2]

Plaintiff's motion is based on the premise that she has a "statutory right to counsel . . . appointed . . . at court expense." ECF No. 7 at 1. This premise is incorrect for two reasons. First, there is no absolute right to appointed counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991); Albanese v. Blanchette, C.A. 20-00345-WES, 2021 WL 5111862,

---

[1] In her motion for counsel, Plaintiff mistakenly applies the appellation "Defendant" to herself. In this report and recommendation, I refer to her as Plaintiff, which is what she is in this case. In another case between the same parties, she is the defendant. See R.I. Pub. Transit Auth. v. Barnes, C.A. No. 22-213JJM.

[2] As required by our Circuit, Plaintiff's filings in this case have been read with the leniency required to be afforded to those of any *pro se* litigant. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000); see also Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

at *1 (D.R.I. Nov. 3, 2021).  Second, the Court does not have the resources to pay for counsel "at court expense."  See ECF No. 7 at 1.  Nevertheless, in the appropriate case, "[t]he [C]ourt may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  In this District, the Court maintains a *pro bono* panel of experienced attorneys who have volunteered to be considered for appointment to "assist a *pro se* party of limited financial means," that is, "individuals who have been granted *in forma pauperis* status."  United States District Court District of Rhode Island Plan for Pro Bono Representation in Civil Cases (July 1, 2014), https://www.rid.uscourts.gov/sites/rid/files/documents/cvprobono/Pro%20Bono%20Plan%20Finl.pdf (last visited July 25, 2022).  In exercising its discretion to appoint a volunteer attorney from this panel to a case, the Court must use caution, mindful that this "volunteer lawyer time is a precious commodity."  Lockett v. Derose, Civil No. 3:CV-08-1643, 2009 WL 1917071, at *1 (M.D. Pa. July 1, 2009) (internal quotation marks omitted).

      To ensure that the Court carefully husbands this "precious commodity," id., in addition to indigency, the guidance from our Circuit requires that a civil litigant seeking the appointment of *pro bono* counsel must also demonstrate that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on [her] due process rights."  DesRosiers, 949 F.2d at 23.  In determining whether exceptional circumstances exist, the Court "must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent [her]self." Id. at 24.  In doing so, the Court may consider the litigant's ability to procure an attorney on her own.  For a case like this one (involving a claim that, if meritorious, could result in the recovery of attorney's fees), the Court should examine whether the reason for the difficulty in finding an attorney is

because it is "a meritless case that no lawyer would take were the plaintiff not indigent." Stack O/B/O Doe v. Town of Lincoln Hous. Auth., C.A. No. 20-350WES, 2021 WL 1904537, at *2 (D.R.I. May 12, 2021) (internal quotation marks omitted); see Lim v. Westin Hotel, No. 89 C 3078, 1989 WL 44146, at *1 n.3 (N.D. Ill. Apr. 24, 1989) (noting "that the unwillingness of private counsel to take on representation despite" the prospect of attorney's fees "might perhaps be viewed as an indication of the perceived doubtfulness of [plaintiff's] claims").

Plaintiff's motion for counsel could fail at the threshold because she has neither sought nor been granted *in forma pauperis* status. However, mindful of the granting of her IFP motion in RIPTA v. Barnes, C.A. No. 22-213JJM, I assume she would likely qualify in this case too. The more substantive problem is that, far from presenting "exceptional circumstances," Plaintiff's newly filed case is lacking in merit in that it would appear to be subject to summary dismissal because the complaint replicates the same claims that she asserted in Barnes v. RIPTA, C.A. No. 17-505JJM, which the Court dismissed with prejudice on May 17, 2018.[3] Text Order of May 17, 2018. Further, as Plaintiff observes in her motion, when she brought the same claims in 2017-2018, she was represented by Attorney Sonja L. Deyoe (as well as by Attorney Steven Dennis who apparently handled a related case). ECF No. 7 at 1. Importantly, Attorney Deyoe is still representing Plaintiff in a different case (Barnes v. Amalgamated Transit Union Local 618, C.A. No. 18-594JJM), yet Plaintiff concedes that Attorney Deyoe declined to "have anything else to do with this Ripta case." ECF No. 7 at 1. Thus, Plaintiff appears to be well able to secure counsel for herself, but she has been unable to do so for this case, despite stating claims that

---

[3] Plaintiff should be well aware of this deficiency. This is at least the second time Plaintiff has tried to revive these resolved claims. See Barnes v. R.I. Pub. Transit Auth., 242 A.3d 32, 37 (R.I. 2020) (affirming dismissal of claims against RIPTA Plaintiff was precluded from bringing by April 2018 settlement agreement).

would carry the right to recover attorney's fees if they had merit.  This confirms "the perceived doubtfulness of [her] claims."  See Lim, 1989 WL 44146, at *1 n.3.

Based on the foregoing, the Court finds that this case does not establish exceptional circumstances justifying the appointment of *pro bono* counsel.  Plaintiff's motion for appointment of counsel by the Court (ECF No. 7) is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 25, 2022